# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

November 12, 2014

The Honorable Timothy J. Mason
Andrews County Attorney
121 Northwest Avenue A
Andrews, Texas 79714

Opinion No. GA-1087

Re: Whether a person who was convicted of a misdemeanor involving moral turpitude but who received "judicial clemency" is eligible to act as a bail bond surety (RQ-1200-GA)

Dear Mr. Mason:

You ask whether a person who was convicted of a misdemeanor involving moral turpitude but who received "judicial clemency" under article 42.12, section 20(a) of the Code of Criminal Procedure is eligible to act as a bail bond surety.[1] The Code of Criminal Procedure prohibits a person from acting "as a surety on a bail bond if the person has been finally convicted of . . . a misdemeanor involving moral turpitude." TEX. CODE CRIM. PROC. ANN. art. 17.10(c)(1) (West Supp. 2014).[2] You ask whether a grant of "judicial clemency" for such a misdemeanor conviction restores the person's eligibility to act as a surety. Request Letter at 1.

Article 42.12, section 20(a) of the Code of Criminal Procedure governs the reduction or termination of community supervision. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (West 2013); see also Rodriguez v. State, 939 S.W.2d 211, 220 (Tex. App.—Austin 1997, no pet.) (observing that the terms "community supervision" and "probation" "generally mean the same thing and are used interchangeably"). As pertinent here, section 20(a) states:

---

[1]See Letter from Honorable Timothy J. Mason, Andrews Cnty. Att'y, to Office of the Att'y Gen. (May 12, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Chapter 1704 of the Occupations Code, applicable in certain counties, contains a similar disqualification. See TEX. OCC. CODE ANN. §§ 1704.002 (West 2012) (applicability of the chapter), .153 (stating that a "person is not eligible for a license under this chapter if, after August 27, 1973, the person commits and is finally convicted of a misdemeanor involving moral turpitude or a felony"). You state that Andrews County is not subject to chapter 1704 of the Occupations Code. Request Letter at 1. You further state that you believe that article 17.10 of the Code of Criminal Procedure disqualifies a particular surety because of a "30+ year old theft conviction" unless judicial clemency has restored eligibility. Id. Article 17.10(c)(1) was enacted in 2011 and applies only to offenses committed after the September 1, 2011 effective date. See Act of May 25, 2011, 82nd Leg., R.S., ch. 769, §§ 2, 4, 5, 2011 Tex. Gen. Laws 1795, 1795.

> Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge . . . shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty, except [for certain crimes and circumstances].

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (West Supp. 2014).

The Court of Criminal Appeals has interpreted this provision to provide for two different types of discharge from community supervision. *Cuellar v. State*, 70 S.W.3d 815, 818 (Tex. Crim. App. 2002). The most common type of discharge under section 20 "graduates" the defendant from community supervision but does not alter the usual legal significance of the defendant's conviction. *Id.*

The Court of Criminal Appeals describes the second type of discharge under section 20 as a form of "judicial clemency," a matter within the trial court's sole discretion. *Id.* at 819. According to the Court, "[i]f a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom 'released from all penalties and disabilities' resulting from the conviction." *Id.* (citation omitted). Because an attorney general opinion advises about "the current status of the law," when the Court of Criminal Appeals has definitively construed a provision of the Code of Criminal Procedure, we are bound by that interpretation. *See* Tex. Att'y Gen. Op. No. GA-0630 (2008) at 4 (stating the function of attorney general opinions); *Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.) ("The Court of Criminal Appeals is the highest tribunal on matters pertaining to the enforcement of criminal laws, and when it has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation.").

Thus, based on *Cuellar*, if a judge grants judicial clemency under section 20, the conviction "disappears" unless an exception applies. *Cuellar*, 70 S.W.3d at 820. Section 20 contains exceptions for subsequent convictions, convictions for specified categories of crime, and convictions of applicants or licensees concerning child-care facilities. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a)(1), (b) (West Supp. 2014). Provisions outside of section 20 may determine whether judicial clemency will release a person from particular penalties or disabilities that result from conviction of a crime. *See Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 360 (Tex. 2000) (determining that the Concealed Handgun Act's specific definition of the word "convicted" means that a person who has been convicted of certain crimes is disqualified from licensure even if the person has received judicial clemency); *see also* TEX. OCC. CODE ANN. § 1701.312(b)(2) (West 2012) (providing that a person convicted of a felony is disqualified from certain law enforcement licenses "regardless of whether . . . the accusation, complaint,

information, or indictment against the person is dismissed and the person is released from all penalties and disabilities resulting from the offense"). No statute prohibits a person from acting as a bail bond surety because of a criminal conviction when the person has received judicial clemency for the conviction.

"When specific exclusions or exceptions to a statute are stated by the Legislature, the intent is usually clear that no others shall apply." *Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex. 1978). A court would likely determine that the statutory disqualification of persons convicted of a crime from acting as a bail bond surety is a penalty or disability resulting from the conviction as contemplated by article 42.12, section 20 of the Code of Criminal Procedure. Based on *Cuellar*, a court would likely conclude that a person who was convicted of a misdemeanor involving moral turpitude but who received judicial clemency under article 42.12, section 20(a) of the Code of Criminal Procedure, if otherwise qualified, is eligible to act as a bail bond surety.[3]

---

[3]*But see Cuellar*, 70 S.W.3d at 834 (Keasler, J. dissenting) (stating that a person convicted of a misdemeanor of moral turpitude or a felony is barred for life from being a bail bond surety).

## SUMMARY

A court would likely conclude that a person who was convicted of a misdemeanor involving moral turpitude but who received judicial clemency under article 42.12, section 20(a) of the Code of Criminal Procedure, if otherwise qualified, is eligible to act as a bail bond surety.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee